**FILED**
**U.S. District Court**
**District of Kansas**
05/27/2026

**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ROBERT JAMES SWINT,**

      **Plaintiff,**

      v.                                **CASE NO. 26-3150-JWL**

**KENNETH DUNCAN GILCHRIST, et al.,**

      **Defendants.**

### MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Robert James Swint, who is incarcerated at the Columbia County Jail in St. Helens, Oregon, began this pro se civil action by filing a complaint in this Court. (Doc. 1.) When Plaintiff filed his complaint, he neither paid the full filing fee of $405.00 nor filed a motion to proceed in forma pauperis, meaning without prepayment of the filing fee. He is required to do so. *See* 28 U.S.C. § 1914. The clerk will be directed to send Plaintiff the forms for filing a motion to proceed in forma pauperis and Plaintiff will be granted time to either move for leave to proceed in forma pauperis or pay the full filing fee. If he fails to do so by the deadline set in this order, this case may be dismissed without further prior notice to him.

Additionally, the Court has reviewed the complaint (Doc. 1) and finds that it fails to state a plausible claim for relief and is legally frivolous. Plaintiff names as Defendants Kenneth Duncan Gilchrist; William George Struloeff, Sr.; and John Edward Swint, Jr. *Id.* at 1. He asserts jurisdiction under "28 U.S.C. §§ 1746 § 18 U.S.C. § 1621 § Section 79 § 4214 V.I.C. [*sic*]" *Id.* Neither 28 U.S.C. § 1746, which establishes the procedure for making unsworn declarations under penalty of perjury, nor 18 U.S.C. § 1621, which defines the crime of perjury and sets the sentence for perjury,

appear relevant to this case. The Court is uncertain what Plaintiff means by "Section 79 § 4214 V.I.C."

To the extent that the Court can read the complaint[1], it states:

Basis of Fact

I. Solemly see, and often look back at the flakes of gold that line the Streets at night. Name this mill. I rarely look, when I have to be And then I got to take/taste 1 (one); See theres a split shift swift kick 1923 continued. What is the basis of inside out, And upward down, the blind side of life, down and out, Skid Row, or Motley fellas from Cruell, Skuells, and a midnight summer edges dream, falling down, or building up, to long[illegible] and short falls/stop. 6606. Enter the combo to the Pasts /ge: Bobby (PW) ACCEPTED. Now loading . . . Please Understand . . . *See below* . . .

Continue ON

IIV. This is interesting. Now as we continue ON Please decide while 5 MIN. Dispatch RIGHT 85.31st reichael is "here"

II. Understand means wait.
¡#! 2NMJ

(Doc. 1, p. 1-2 (all errors in original).) At no point in the complaint does Plaintiff assert particular claims or identify the relief he seeks.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Even liberally construed, the pro se complaint now before the Court fails to do

---

[1] Deciphering the complaint is made more difficult by the fact that some of the writing is upside down and Plaintiff has written words over other words on the second page.

so. Relatedly, this means that the complaint also fails to comply with Rule 8 of the Federal Rules of Civil Procedure.[2]

Rule 8 requires that a complaint "contain . . . a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8. The purpose of Rule 8 "is 'to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.'" *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1998) (quoting *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979)). Because the complaint now before the Court does not comply with Rule 8, it is subject to dismissal. *See Nasious*, 429 F.3d at 1162 n.3.

Finally, "[a] complaint . . . is frivolous when it 'lacks an arguable basis either in law or in fact.'" *Manco v. Does*, 363 F. App'x 572, 575 (10th Cir. 2010) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Even liberally construing the pro se complaint, it lacks an arguable basis in law or fact. Plaintiff will be granted time to show cause, in writing, why the complaint should not be dismissed as frivolous.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted to and including **June 30, 2026** to either pay the full $405.00 filing fee or submit a complete motion for leave to proceed in forma pauperis. The clerk is directed to provide Plaintiff with the forms for submitting a motion for leave to proceed in forma pauperis**.**

---

[2] The Federal Rules of Civil Procedure apply to suits brought by prisoners. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel).

**IT IS FURTHER ORDERED** that Plaintiff is granted until **June 30, 2026,** to show cause, in a single written response to this order, why this case should not be dismissed as frivolous. The failure to respond by the deadline will result in the dismissal of this matter with prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated May 27, 2026, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**